# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SHAMEA BRIGGS, *et al.*, | : | | |
| | : | | |
| Plaintiffs | : | Civil Action No.: | 14-0002 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on the Plaintiff's motion for summary judgment. Plaintiff Shamea Briggs is the parent of J.K., a child protected by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. Plaintiff initiated this action to request an award for attorney's fees and costs incurred while prosecuting administrative claims under the IDEA. The Defendant, the District of Columbia, primarily disputes the reasonableness of Plaintiff's hourly requested rate. The Court finds that Plaintiff's request is, for the most part, reasonable. Accordingly, the Court grants in part and denies in part Plaintiff's motion.

## II. FACTUAL BACKGROUND

On November 30, 2012, Plaintiff filed an administrative due process complaint against the District of Columbia Public Schools system ("DCPS") on behalf of student J.K. pursuant to the IDEA. *See* Def.'s Opp'n to Pl.'s Mot. for Fees ("Def.'s Opp'n"), ECF No. 6 at 1. That Act requires DCPS to provide children in the District who have disabilities with all the rights that the IDEA affords. *See* Compl., ECF No. 1 at 2. Specifically at issue here is the requirement that

DCPS provide a free and appropriate education ("FAPE") to each child resident in the District of Columbia regardless of the child's particular disability. *See* Pl.'s Mem. P. & A. Supp. Summ. J., ECF No. 5-2, at 3.

In J.K.'s case, Plaintiff contended that DCPS violated the IDEA on two grounds: (1) the DCPS committed procedural violations of the IDEA by failing to evaluate J.K. when Plaintiff requested evaluations; and, (2) the DCPS failed to identify and timely evaluate J.K. based upon a possible suspected disability. *See* Hr'g Officer's Decision ("HOD"), ECF No. 5-1 at 1. Plaintiff requested Psychological, Speech/Language, Occupational Therapy, and Psychiatric evaluations as well as a Functional Behavior Assessment. *Id*. at 4. Additionally, Plaintiff sought an eligibility meeting and compensatory education. *Id*. at 4. The following exhibits were admitted: Hearing Officer's Exhibits A through G; Plaintiff's Exhibits 1 through 3; and Defendant's Exhibits 1 through 7. *Id*. at 3.

After a three hour administrative hearing, the Hearing Officer issued a written decision that found that Plaintiff was entitled to funding for Psychological, Speech/Language, and Occupational Therapy evaluations, in addition to funding for a Functional Behavior assessment. *See* Def.'s Opp'n at 4. Plaintiff's request for a Psychiatric evaluation was denied. *Id*. Accordingly, all relief that the Hearing Officer awarded to Plaintiff had previously been offered to Plaintiff except for the Functional Behavior assessment. *Id*.

Elizabeth Jester, Esq., represented Plaintiff throughout the administrative process. On September 19, 2013, Jester invoiced DCPS for $19,573.79. She arrived at this total by applying billing rates of $505.00 per hour for work done in 2012, $510.00 per hour for work completed in 2013, and $145.00 per hour for paralegal services performed by Ms. Meryl Williams. *See* Compl. ¶ 5. The parties have filed cross-motions for summary judgment regarding the

reasonableness of Plaintiff's fees. The Court now turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. LEGAL STANDARDS

#### 1. Summary Judgment

A party moving for summary judgment on legal fees must demonstrate prevailing party status and the reasonableness of the fees requested, both in terms of hours spent and in terms of hourly rate. *McAllister v. District of Columbia*, 2014 WL 901512 at *1 (D.D.C. 2014). Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment shall be granted if the movant shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (quoting Fed. R. Civ. P. 56). Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

#### 2. Individuals with Disabilities Act ("IDEA") Fees Cases

Under the IDEA, a federal district court has the authority to "award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). "A court's determination of the appropriate attorney's fees . . . is based on a two-step inquiry." *Jackson v. Dist. of Columbia,* 696 F. Supp. 2d 97, 101 (D.D.C. 2010). First, the court must determine if the party is the prevailing party,[1] and second,

---

[1] The Defendant does not at any time argue that Plaintiff was not a prevailing party within the meaning of the statute. Because Plaintiff prevailed at the administrative hearing and obtained relief that DCPS had not previously offered, and because this Court will give effect to

3

the court must determine whether the fees sought are reasonable. *See McAllister*, 2014 WL 901512 at *1; *see also Jackson*, 696 F. Supp. 2d at 101.

In general, a "reasonable" attorney's fee is determined by the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The plaintiff bears the burden of demonstrating that both the hourly rate and the number of hours spent on particular tasks are reasonable, *In re North,* 59 F.3d 184, 189 (D.C. Cir. 1995), and a plaintiff can show that an hourly rate is reasonable via submissions of evidence on at least three fronts: the attorney's billing practices; the attorney's skill, experience, and reputation; and, the prevailing market rates in the relevant community. *See McAllister*, 2014 WL 901512 at *2.

After a plaintiff has provided evidence on these fronts, both the number of hours billed and the hourly rates are presumed reasonable, at which point the burden shifts to the defendant to rebut the plaintiff's showing that the amount of time spent was reasonable and that the hourly rates for the attorneys who worked on the matter were reasonable. *See Blackman v. District of Columbia,* 677 F. Supp. 2d 169, 172 (D.D.C. 2010); *see also Watkins v. Vance,* 328 F. Supp. 2d 23, 26 (D.D.C. 2004). Where neither party has produced satisfactory evidence demonstrating that their hourly rates are reasonable, the Court may determine the amount of that rate by reference to the *Laffey* matrix.[2] *See McAllister*, 2014 WL 901512 at *2; *see also Santamaria v.*

---

the Hearing Officer's decision and thereby effect a change in the legal relationship of the parties involved, the Court finds that Plaintiff was a prevailing party within the meaning of the statute. *See McAllister*, 2014 WL 901512 at *1 (stating that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit).

[2] The *Laffey* Matrix is a matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks. The matrix is prepared by the Civil Division of the United States Attorney's Office for the District of Columbia for use when a "fee-shifting" statute permits the recovery of reasonable attorney's fees.

4

*District of Columbia*, 875 F. Supp. 2d 12, 20 (D.D.C. 2012) ("Federal courts do not automatically have to award *Laffey* rates but instead they can look at the complexity of the case and use their discretion to determine whether such rates are warranted.") (quoting *Flores v. United States*, 857 F. Supp. 2d 15, 21 (D.D.C. 2012)).

### 3. The Plaintiff's Requested Hourly Billing Rates

Defendant argues that Plaintiff's fee should be reduced or denied entirely for unreasonably protracting the administrative process by refusing to accept the proposed Settlement Agreement ("SA") that DCPS offered on January 4, 2013.[3] Alternatively, Defendant argues that Plaintiff's fees should either be the DCPS rate of $90.00 per hour or 75% of the current *Laffey* rate, rather than the full *Laffey* rates of $505.00 and $510.00 per hour urged by Plaintiff.

While Plaintiff has submitted an affidavit sufficiently describing the attorney's experience, skill, and reputation, Plaintiff has not offered evidence sufficient to link *Laffey* to the prevailing market rate. Similarly, Defendant has offered no evidence sufficient to demonstrate that the requested rate of $90.00 per hour is the prevailing market rate for the same or similar

---

[3] Defendant's argument relies on the language of the statute but points to no authority denying relief to a party due to protraction. Moreover, Defendant's argument fails because the proposed SA offered neither all the relief that Plaintiff sought, nor all the relief that Plaintiff eventually obtained. *See* Def.'s Opp'n, ECF No. 6 at 3–4. In essence, Defendant's argument would give an attorney the unhappy choice: either accept a settlement not inclusive of all the relief sought by her client, or face a penalty for proceeding to a hearing to seek full relief. An argument that presents an attorney with such a choice cannot be seriously entertained. Moreover, the offer of attorney fees contained in the SA was woefully inadequate. Even if this Court were to adopt an hourly rate of 50% of the applicable *Laffey* rate, the $800.00 offered by DCPS fell far short of fair compensation for the services that Jester had provided to that point. Consequently, the court finds that Plaintiff did not unreasonably protract the administrative proceedings.

5

services.  Accordingly, neither Plaintiff nor Defendant has presented evidence sufficient to establish a market rate for the services that Plaintiff provided.

Courts in this circuit disagree over whether reasonable hourly rates in IDEA cases should track the *Laffey* matrix or the DCPS guidelines.  *See Santamaria v. District of Columbia*, 875 F. Supp. 2d at 20.  However, neither of the two is binding on the Court, and the reasonableness of the fees sought turns on the facts of each case.  *See McAllister*, 2014 WL 901512 at *8 ("The *Laffey* Matrix serves as a tool to help gauge the overall reasonableness of the fees sought; therefore, it is within the court's discretion to look at the complexity of the case to determine whether rates are reasonable.").  Further, *Laffey* rates represent presumptive *maximum* rates for *complex federal litigation*, and "[c]ourts in this district do not generally recognize IDEA litigation as a type of complex federal litigation."  *McAllister*, 2014 WL 901512 at *8; *see also Flores*, 857 F. Supp. 2d at 21 (finding that IDEA litigation is not generally complex); *accord Rooths*, 802 F. Supp. 2d at 63.

The case here simply was not the type of complex federal litigation that comes within the ambit of the *Laffey* matrix.  *See Cox v. District of Columbia*, 754 F. Supp. 26 66, 75–76 (D.D.C. 2010) (finding that the administrative IDEA proceeding was complex because it involved the admission of sixty-five exhibits, the testimony of four witnesses, and written closing statements, and took over two years to resolve).  Rather, the matter at hand was a fairly simple local administrative matter that was settled by a three hour administrative hearing in which there was only one witness.  *See* Def.'s Opp'n, ECF No. 6, at 3.  Indeed, in his written decision the Hearing Officer stated: "The issues in this case are fairly straightforward."  *See* H'rg Officer's Decision, ECF No. 5, Ex. 1 at 9.  The record does not reflect that the case involved complex disputes of law or fact.  Further, most of Jester's billed activities consist of reviewing correspondence and

preparing for the prehearing conference, the hearing itself, and the post-hearing IEP meeting ordered by the Hearing Officer.  *See A.C. ex rel. Clark v. District of Columbia,* 674 F. Supp. 2d 149, 155 (D.D.C. 2009) (refusing to use USAO *Laffey* rates in an IDEA case where "almost all of the attorney's fees in question are the result of counsel's preparation for attendance at routine administrative hearings").  Accordingly, the Court finds that the administrative action was not of sufficient complexity to merit application of the full *Laffey* rates.

Rather, the undersigned joins numerous other judges of this Court in awarding three quarters of the full *Laffey* rate for legal work completed in non-complex IDEA cases.  *See Haywood v. Dist. of Columbia,* 2013 WL 5211437 at *6 (D.D.C. 2013) ("While some judges of this court have applied the full *Laffey* rates in IDEA cases, others, including the undersigned, have applied a rate equal to three-fourths of the *Laffey* Matrix rate . . . where the underlying administrative proceedings did not involve particularly complex matters.").  Consequently, for legal fees, the Court will first adjust the rates based on the years worked and the experience of each attorney and paralegal according to the *Laffey* Matrix, before further reducing these rates by one-quarter due to the non-complex nature of the matters.  Additionally, the typical rate for faxing and photocopying in this district is $0.15 per page and such a rate will be adopted here. *See Johnson v. District of Columbia*, 850 F. Supp. 2d 74, 81 (D.D.C. 2012).  Furthermore, because travel time in this district is awarded at fifty percent rates, Jester's billed hours relating to travel time will be halved.  Finally, Jester seeks costs for mileage, parking, and postage. These fees have been awarded in the past and they will be awarded here.  *See id*. at 83.

**4. The Plaintiff Should Be Awarded Fees of $13,885.83**

Applying the above formula, Jester's fee for legal work and costs comes to $13,788.40.[4] The fee for the work of Jester's paralegal comes to $97.88 (0.9 hours of work at an hourly rate of $108.75). Accordingly, the total amount of Plaintiff's award is $13,886.28. Although Plaintiff seeks to recover the costs of the instant action as well, Plaintiff did not submit any documents that would allow the Court to assess the Plaintiff's costs for this action. Consequently, the Court requires further submission of costs incurred solely for the present action for fees and costs in order to assess Plaintiff's so-called "fees on fees" award.

## IV. CONCLUSION

For the foregoing reasons, this Court grants in part and denies in part the Plaintiff's motion for summary judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: November 12, 2014                                RUDOLPH CONTRERAS
                                                        United States District Judge

---

[4] At three-quarters of the applicable *Laffey* rates ($505.00 and $510.00 per hour, respectively), Jester's rates were: 1) $378.75 per hour (10/2012-05/2013), 2) $382.50 per hour (06/2013-09/2013).