**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAMEA BRIGGS, *et al.*, : | |
| : | |
| Plaintiffs : | Civil Action No.: 14-0002 (RC) |
| : | |
| v. : | Re Document No.: 10 |
| : | |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |

**MEMORANDUM OPINION**

**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**I. INTRODUCTION**

Plaintiff Shamea Briggs is the parent of J.K., a child protected by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. Plaintiff initiated this action to recover attorney's fees and costs incurred while litigating claims under the IDEA. On November 12, 2014, the Court granted in part and denied in part Plaintiff's motion for summary judgment, awarding Plaintiff $13,885.83 in legal fees for the successful prosecution of Plaintiff's administrative claims. *Briggs v. District of Columbia*, No. 14-cv-0002, 2014 WL 5860358 (D.D.C. Nov. 12, 2014). Plaintiff also sought to recover fees and costs pertaining to this fee-collection litigation, but because she had failed to submit any related documentation, the Court ordered Plaintiff to submit additional briefing on the subject. Now before the Court is Plaintiff's motion for an award of attorney's fees and costs, which seeks "fees on fees," or an award of fees and costs stemming from the prosecution of this civil action for fees. Upon consideration of Plaintiff's motion and the parties' briefs, the Court concludes that it must grant in part and deny in part Plaintiff's motion for fees on fees.

## II.  BACKGROUND[1]

On November 30, 2012, Plaintiff filed an administrative due process complaint against the District of Columbia Public Schools system ("DCPS") on behalf of student J.K. pursuant to the IDEA.  After a three-hour administrative hearing on February 1, 2013, Plaintiff prevailed, and she subsequently sought $19,573.79 in attorney's fees and costs from DCPS.  *See* Compl. ¶¶ 4, 5, ECF No. 1; Def.'s Statement of Undisputed Facts at ¶ 17, ECF No. 6.  When no payment was received, Plaintiff filed a civil complaint against Defendant, the District of Columbia, on January 1, 2014.  *See* Compl. ¶ 6.  Plaintiff's motion for summary judgment followed on March 3, 2014.  *See* Pl.'s Mot. Summ. J., ECF No. 5.

Elizabeth Jester, Esq., has represented Plaintiff throughout both administrative proceedings and civil litigation before this Court.  Her $19,573.79 invoice for costs and fees pertaining to the administrative action was based on billing rates of $505.00 per hour for work done through May 2013, $510.00 per hour for work completed through September 2013, and $145.00 per hour for paralegal services.  *See* Compl. ¶ 5; Pl.'s Mem. Support Mot. Summ. J. at 5–8, ECF No. 5-2; Jester Decl. ¶ 11, ECF No. 5-3.  Those rates mirror the rates set forth in the *Laffey* matrix, which is prepared by the Civil Division of the United States Attorney's Office for the District of Columbia for use when a fee-shifting statute permits the recovery of reasonable attorney's fees.  *See* Pl.'s Mem. Support Mot. Summ. J. at 6–7; Laffey Matrix, Pl.'s Ex. 3, ECF No. 5-7.

In its opposition to Plaintiff's motion for summary judgment, Defendant did not dispute that Plaintiff was the prevailing party in the underlying administrative action, but it did dispute

---

[1] The Court hereby incorporates by reference the facts set forth in the Court's prior opinion.  *See Briggs v. District of Columbia*, No. 14-cv-0002, 2014 WL 5860358 (D.D.C. Nov. 12, 2014).

the reasonableness of Plaintiff's requested hourly rates. *See* Def.'s Opp'n Pl.'s Mot. Fees at 9–13, ECF No. 6. On November 12, 2014, the Court granted in part and denied in part Plaintiff's motion for summary judgment, awarding Plaintiff 75% of the applicable *Laffey* rate. *See Briggs*, 2014 WL 5860358, at *4. The Court determined that Plaintiff had not offered sufficient evidence to link the full *Laffey* rates, which represent the "presumptive *maximum* rates for *complex federal litigation*," to Plaintiff's "fairly simple local administrative matter that was settled by a three hour administrative hearing in which there was only one witness." *Id.* at *3. Thus, the Court explained that Ms. Jester would receive $378.75 per hour worked between October 2012 and May 2013, and $382.50 per hour worked between June 2013 and September 2013. *Id.* at *4 n.4.

In addition to seeking attorney's fees for the prosecution of the underlying administrative proceedings, Plaintiff's complaint also sought to recover "fees on fees," or the fees incurred while pursuing this fee-collection litigation before the Court. *See* Compl. ¶ 7(C). But because "Plaintiff did not submit any documents that would allow the Court to assess the Plaintiff's costs for this action," the Court ordered that Plaintiff submit additional documents that would allow the Court to assess the incurred costs and fees. *Briggs*, 2014 WL 5860358, at *4.

On December 3, 2014, Plaintiff filed a motion for fees on fees, seeking an additional $17,150.55, including $16,683 for legal services performed by Ms. Jester and $467.55 for the costs incurred in pursuing the matter before this Court. Pl.'s Mot. Fees at 1, ECF No. 10. Plaintiff's requested fees are once again based on the full *Laffey* rate, and she asserts that a rate of $510 per hour is reasonable for her work performed between December 31, 2013, through May 31, 2014, as is a rate of $520 per hour for all work performed from June 1, 2014 to the present. Pl.'s Mem. Support Mot. Fees at 2–4, ECF No. 10-1.

Defendant, noting that "fees on fees" awards are discretionary and that this Court already rejected the reasonableness of applying the full *Laffey* rate in this case, argues that Plaintiff's requested rate for this uncomplicated fee-collection matter is unreasonable. Def.'s Opp. to Pl.s' Mot. Fees at 2–3, ECF No. 11. As a result, Defendant avers that no fees on fees award should be provided, or alternatively, that Ms. Jester's requested rate should be reduced by 60 percent. *See id.* at 3.

### III. LEGAL STANDARD

Under the IDEA, this Court has discretion to "award reasonable attorney's fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability" in an administrative proceeding. 20 U.S.C. § 1415(i)(3)(B)(i). "Parties who prevail at the administrative level can also recover fees-on-fees, as our general rule is that the court may award additional fees for 'time reasonably devoted to obtaining attorney's fees.'" *Kaseman v. District of Columbia*, 444 F.3d 637, 640 (D.C. Cir. 2006) (quoting *Envtl. Def. Fund v. EPA*, 672 F.2d 42, 62 (D.C. Cir. 1982)). Typically, courts will begin to determine the reasonableness of attorney's fees by considering "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The plaintiff bears the burden of establishing the reasonableness of any fee requests, including the reasonableness of both the hourly rate and the number of hours spent on any particular task. *See In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995). A plaintiff may do so by submitting evidence on at least three fronts: "the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). Once the plaintiff has

4

provided such information, a presumption arises that the hours billed are reasonable and the burden shifts to the defendant to rebut the plaintiff's showing. *Id.* at 1109–10. However, if both parties fail to present satisfactory evidence demonstrating that their hourly rates are reasonable, the court may determine the amount of that rate by reference to the *Laffey* Matrix. *See Rooths v. District of Columbia*, 802 F.Supp.2d 56, 62 (D.D.C. 2011).

### IV.  ANALYSIS

Defendants do not dispute that Plaintiff constitutes a prevailing party, or that a fees on fees recovery is permissible under the IDEA. Defendants do, however, challenge the reasonableness of the fees that Plaintiff seeks. The Court first considers the reasonableness of the hourly rate charged by Ms. Jester before considering whether the number of hours claimed and the total award sought are reasonable.

#### A.  **Reasonableness of Hourly Rate**

Plaintiff seeks reimbursement for Ms. Jester's fees in this litigation at rates ranging from $510 to $520 per hour. Pl.'s Mem. Support Mot. Fees at 2–4. Plaintiff contends that these hourly rates are appropriate because they are consistent with Ms. Jester's experience "and reflect the market rates in the Washington Metropolitan area as set forth in the current *Laffey* Matrix." Pl's. Mem. Support Mot. Fees at 4. Plaintiff points out that a number of Judges in this Court have used the *Laffey* matrix to determine fee rates in IDEA cases – including in cases handled by Ms. Jester – and counsel's work "should be valued at a rate which reflects the customary fees for similarly complex work and the experience, reputation and ability of the individual attorney." *Id.* at 4.

Defendant, on the other hand, argues that Plaintiff's request for fees on fees at the full *Laffey* rate—a rate already rejected by this Court in the context of fees incurred in the underlying administrative proceedings—is patently unreasonable. Def.'s Opp'n Mot. Fees at 1–2. Because fees on fees awards are not mandatory in the IDEA context, and in light of the unreasonable nature of Plaintiff's request, Defendant argues, the Court should not award Plaintiff any additional fees. *Id.* Alternatively, Defendants argue that if the Court does not wish to deny the motion outright, it should reduce Plaintiff's request by 60% to reflect the "even less complex" nature of this fee request as compared to the underlying administrative litigation. *Id.* at 2–3.

The Court agrees with Defendant that the full *Laffey* rate in the context of this straightforward fee litigation is unreasonable. The *Laffey* Matrix was originally created for use in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), and was intended to demonstrate the "prevailing rates in the community for lawyers of comparable skill, expertise and reputation in complex federal litigation." *Id.* at 371–72. The instant case, however, is not complex. Rather, this is straightforward fee litigation over an award of attorney's fees brought pursuant to the IDEA. Nothing in Plaintiff's filings suggests that this case involved any novel or complex issues of fact or law that would make an hourly rate greater than that awarded for the underlying administrative action reasonable. *See Briggs*, 2014 WL 5860358, at *4 (awarding Plaintiff 75% of the *Laffey* rate for Ms. Jester's work in prosecuting the administrative claim); *see also Wright v. District of Columbia*, 883 F. Supp. 2d 132, 135 (D.D.C. 2012) (holding that where plaintiff failed to show that fee litigation was complex, "the hourly rate for fee litigation should be less than the rate for work in the underlying administrative proceeding"). Further, Plaintiff presents no evidence to show that this fee litigation required specialized knowledge or

6

skill.[2] And while Ms. Jester's declaration asserts that her rates are "well within the range of prevailing rates in the District of Columbia market for legal services in special education and related matters," it says nothing about prevailing rates for fee litigation of this complexity. *See* Jester Decl. ¶ 10, ECF No. 10-2.

Nevertheless, the fact that Plaintiff's request is unreasonable does not necessitate a denial of fees, particularly given the important societal interest advanced by the IDEA's fee shifting provision. *See, e.g., Am. Fed'n of Gov't Emps., AFL–CIO, Local 3882 v. Fed. Labor Relations Auth.*, 994 F.2d 20, 22 (D.C.Cir.1993) ("[T]he availability of 'fees for fees' is essential to carrying out Congress' goal in including [fee-shifting] provision[s] in the first place."); *Garvin v. District of Columbia*, 910 F. Supp. 2d 135, 138 (D.D.C. 2012) ("Disallowing 'fees on fees' requests would undoubtedly undermine the impact of a fee-shifting provision, thereby diminishing the effectiveness of the statute that the provision is designed to enforce."). Additionally, while Plaintiff has not offered evidence sufficient to link *Laffey* to the prevailing market rate for work of similar complexity, Defendant has likewise offered no evidence sufficient to demonstrate that 40% of the *Laffey* matrix is the prevailing market rate for the same or similar services. The Court must therefore determine a reasonable fee based on the facts of the case. *See McAllister v. District of Columbia*, 21 F. Supp. 3d 94, 108 (D.D.C. 2014) ("The *Laffey* Matrix serves as a tool to help gauge the overall reasonableness of the fees sought;

---

[2] Although Plaintiff directs the Court's attention to a number of cases speaking to the applicability of the *Laffey* matrix to complex IDEA administrative proceedings, none of them discuss the applicability of *Laffey* to straightforward fee litigation following an uncomplicated administrative action. *See Garvin v. District of Columbia*, 851 F. Supp. 2d 101, 105–07 (D.D.C. 2012) (holding that plaintiff was entitled to full *Laffey* rate for Ms. Jester's representation where the underlying administrative proceeding was complex); *Bucher v. District of Columbia*, 777 F. Supp. 2d 69, 74–75 (D.D.C. 2011) (finding the requested below-*Laffey* rate was reasonable for counsel's services where underlying administrative litigation was lengthy and complicated); *Cox v. District of Columbia*, 754 F. Supp. 2d 66, 75–76 (D.D.C. 2010) (same).

therefore, it is within the court's discretion to look at the complexity of the case to determine whether rates are reasonable.").

Courts in this district have repeatedly found that in cases such as these, which involve uncomplicated claims for attorney's fees brought pursuant to the IDEA, an award of 50% of the applicable *Laffey* rate is appropriate. *See*, *e.g.*, *Means v. District of Columbia*, 999 F. Supp. 2d 128, 136 (D.D.C. 2013) (awarding plaintiff 50% of the *Laffey* rate for fees on fees based on Ms. Jester's work in a fee litigation action brought pursuant to the IDEA); *Garvin*, 910 F. Supp. 2d at 140 (same); *Wright*, 883 F. Supp. 2d at 135 (same); *see also Smith v. District of Columbia*, No. 02–cv-0373, 2005 WL 914773, at *3 (D.D.C. Apr. 18, 2005) (holding that "fee litigation is not complex federal litigation and does not necessarily entail specialized expertise and experience," and reducing counsels' requested hourly rates accordingly).

The work Ms. Jester documents in the invoice attached to Plaintiff's motion appears to be routine legal work, including drafting a complaint and motion for summary judgment, and corresponding with Plaintiff and Defendant's counsel. *See* Invoice, Pl.'s Ex. 1, ECF No. 10-4. And while the Court does not foreclose the possibility that a novel or complex legal issue could arise in fee litigation, no such issue arose here, where the core of the parties' dispute pertained to whether Ms. Jester's requested hourly rate was reasonable. The straightforward nature of the fee litigation in this case thus distinguishes these proceedings and persuades the undersigned to once again join other Judges of this Court in awarding one half of the full *Laffey* rate for legal work completed in non-complex IDEA fee litigation cases. *See, e.g.*, *Means*, 999 F. Supp. 2d at 136; *Garvin*, 910 F. Supp. 2d at 140; *Wright*, 883 F. Supp. 2d at 135–36. Additionally, Plaintiff seeks to recover $17.55 for photocopying costs – consistent with the $0.15 per page rate dictated in this Court's prior opinion, *see Briggs*, 2014 WL 5860358, at *4 – as well as $450 for the costs of

filing her complaint and service of process. These costs are reasonable, undisputed, have been awarded in the past, and will be awarded here.

### B. Reasonableness of Numbers of Hours Worked

The Court next considers whether the 32.6 hours of work that Ms. Jester has billed for the fee litigation component of this matter is reasonable. *See* Invoice at 3, Pl.'s Ex. 1. Though Defendant does not argue that Ms. Jester's hours are unreasonable, *see generally* Def.'s Opp'n Pl.'s Mot. Fees, this Court must make an independent determination regarding whether the hours set forth in the invoice are justified, *see Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). After reviewing Ms. Jester's invoice attached to Plaintiff's motion, this Court concludes that the 32.6 hours are reasonable and that no reduction is warranted.[3]

### C. Degree of Success Reduction

The product of reasonable hours times a reasonable rate does not necessarily end the inquiry into what this Court's fees on fees award should be, however. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). *Hensley* provides that this Court may also consider the relationship between the "product of reasonable hours times a reasonable rate" and the "results obtained" in

---

[3]   Plaintiff's reply brief seeks to add two additional hours to the 32.6 for preparation of the three-and-a-half page reply brief, no portion of which is responsive to Defendant's argument that the requested *Laffey* rate is unreasonable given the lack of complexity in this fees on fees litigation. *See* Pl.'s Reply to Opp'n at 4, ECF No. 12. As this Court has recognized in the past, "at a certain point fees-on-fees litigation unnecessarily protracts litigation and becomes so far removed from the original adjudication that the prevailing parties claim may be too attenuated." *Means*, 999 F. Supp. 2d at 136 n.7. Here, Plaintiff's counsel's submission is non-responsive to the issues raised by defendants, not accompanied by a sworn declaration, and the brief itself is a response to an opposition regarding fees on fees. The Court finds, therefore, that preparation of Plaintiff's reply brief is "too removed to be compensable." *Id.*; *see also Wright v. District of Columbia*, 883 F. Supp. 2d at 134 (reducing time entries by 3.9 hours because time spent drafting fees was "too attenuated from the adjudication of the due process complaint to be reimbursable").

the underlying action. *Id.* When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436; *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990) ("Because [*Hensley*] requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."). As such, the Court will consider the Plaintiff's relative degree of success in litigating fees when considering the size of the fees on fees award. *Id.*

Where a prevailing party has achieved only partial success, this Court has discretion to exercise its equitable judgment to "identify specific hours that should be eliminated, or . . . simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37. In the instant case, this Court awarded Plaintiff 75% of its fee request for fees incurred in the underlying administrative proceeding. *See Briggs*, 2014 WL 5860358, at *4. Thus, Plaintiff has achieved only partial success in this fees litigation. This limited success is not consistent with the "excellent results" that would justify this Court awarding Plaintiff "a fully compensatory fee." *Hensley*, 461 U.S. at 435.

Accordingly, because Plaintiff only received 75% of its requested fees in the underlying administrative action, this Court exercises its discretion to award 75% of the reasonable fees on fees that Plaintiff seeks in the present motion. *See id.* at 436.; *see also Hirsch v. Compton Unified Sch. Dist.*, No. CV 12-01269, 2013 WL 1898553, at *6 (C.D. Cal. May 3, 2013) (reducing a prevailing plaintiff's fees on fees award based on the percentage of fees the plaintiff recovered in the underlying IDEA fees litigation) (citing *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995) ("[A] district court does not abuse its discretion by

applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award.")).

### D.  The Plaintiff Should Be Awarded Fees of $6,256.13 and Costs of $467.55

Applying the above formula, Ms. Jester's fee for legal work pertaining to this fees-on-fees action comes to $6,256.13,[4] and Plaintiff will recover an additional $467.55 in costs.  Thus, the total amount of Plaintiff's fees on fees award is $6,723.68.

### V.  CONCLUSION

For the foregoing reasons, this Court grants in part and denies in part the Plaintiff's motion for fees.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  April 21, 2015                                                                  RUDOLPH CONTRERAS
                                                                                         United States District Judge

---

[4]  At half of the applicable *Laffey* rate, Ms. Jester's rate is $255 per hour for the 26.9 hours she worked through April 2014, and $260 per hour for the 5.7 hours worked from November 2014 to present.  When this total rate of $8,341.50 is multiplied by 75%, it yields the total fees award of $6,256.13.